UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID KEANE,<br><br>Plaintiff,<br><br>V.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., and EXPEDITORS HONG KONG, LIMITED,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

C.A. NO. 1:24-cv-10399-PBS

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS**

Defendants Expeditors International of Washington, Inc. ("Expeditors US") and Expeditors Hong Kong Limited ("Expeditors HK," collectively, "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff David Keane's ("Plaintiff") Complaint (doc. 1) because (1) this Court lacks personal jurisdiction over Defendants; (2) Hong Kong is the appropriate forum pursuant to the doctrine of *forum non conveniens*; and (3) venue is improper for Plaintiff's Title VII claims, which are the gravamen of his Complaint.

This Court does not have general personal jurisdiction over Expeditors HK because Expeditors HK is not incorporated in Massachusetts; does not have a principal place of business in Massachusetts; and does not transact business in Massachusetts. Expeditors US is also not incorporated in Massachusetts and does not have a principal place of business in Massachusetts. Further, Expeditors US's limited contacts with Massachusetts are not an "exceptional case" where Expeditors US is otherwise subject to general personal jurisdiction in Massachusetts.

This Court does not have specific personal jurisdiction over Defendants because (1) Plaintiff's claims do not arise out of or relate to Defendants' forum state activities; (2) Defendants

have not purposefully availed themselves of the benefits and protections of Massachusetts law; and (3) the exercise of jurisdiction over Defendants would not be reasonable.

Moreover, even if this Court could properly exercise personal jurisdiction over Defendants —and it cannot—Plaintiff's Complaint must be dismissed pursuant to the doctrine of *forum non conveniens* because there is an available, alternative forum (Hong Kong) with a much stronger interest in resolving Plaintiff's claims, which arise out of events that allegedly occurred while he lived and worked for Expeditors HK in Hong Kong. Plaintiff alleges he was wrongfully terminated after a female colleague, who also worked in Hong Kong, reported that Plaintiff sexually harassed her during an Expeditors HK company event at a Hong Kong hotel. As such, Hong Kong is the appropriate forum to resolve this dispute. Lastly, Plaintiff's Complaint should be dismissed because venue in this district is improper under the special venue provisions of Title VII.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Expeditors US hired Plaintiff in 1998. (Compl. ¶ 21.) Plaintiff worked in Massachusetts until September 2018, when he relocated to Hong Kong to work for Expeditors HK. (Id. ¶ 42.)

When Plaintiff relocated to Hong Kong in 2018, he signed an employment agreement ("the 2018 Agreement") with Expeditors HK containing a Hong Kong choice of law provision and a Hong Kong forum selection clause.[2] (Id.; Aff. Kaiser Lam ("Lam Affidavit") ¶ 7, Ex. A, § 24.) By signing the 2018 Agreement, Plaintiff terminated his employment with Expeditors US and became an employee of Expeditors HK. (Id.) Although Plaintiff alleges negotiations regarding the 2018 Agreement occurred in Massachusetts and that he signed the agreement in Massachusetts,

---

[1] All facts asserted herein are presented for the purposes of this motion only. Defendants reserve the right to contest all facts asserted by Plaintiff and/or present alternate arguments in future pleadings or motions, and/or at trial.

[2] The 2018 Agreement identified "Expeditors International of Washington, Inc. Regional Office – North Asia" as Plaintiff's "employer." This terminology was used for all employees in Asia at the time, though "Expeditors International of Washington, Inc. Regional Office – North Asia" is not an actual legal entity.

Plaintiff admits that the purpose of the agreement was to set forth the terms of his relocation to and employment in Hong Kong. (Complaint ¶¶ 42-43.) Plaintiff's performance of the 2018 Agreement—*i.e.*, his continued employment—would, and did, occur in Hong Kong. (Id.) From the time Plaintiff relocated to Hong Kong in or around September 2018 until the end of his employment in 2023, Expeditors HK paid Plaintiff in accordance with, and subject to, Hong Kong taxes and legal requirements. (Lam Affidavit ¶ 8.) During this time, Plaintiff worked out of Expeditors HK's Hong Kong office and managed Expeditors HK's account with Lenovo, a Chinese technology company. (Complaint ¶¶ 44, 102-03, 141, 205.) After Plaintiff relocated to Hong Kong, Expeditors HK did not instruct him to perform any work in Massachusetts, and Expeditors HK did not ask Plaintiff to travel to Massachusetts for work-related purposes. (Lam Affidavit ¶ 9.)

In September 2023, Expeditors HK and Plaintiff entered into a new employment agreement ("the 2023 Agreement"), in accordance with Expeditors HK's practice of renewing employment agreements of foreign nationals every five years. (Complaint ¶ 142; Lam Affidavit ¶ 10, Ex. B.) The 2023 Agreement identified Expeditors HK as Plaintiff's employer and contained the same Hong Kong choice of law and forum selection clauses as the 2018 Agreement. (Id., § 24.)

On or about September 21, 2023, Plaintiff attended an Expeditors HK company dinner at the Brasserie restaurant in the Rosewood Hotel in Hong Kong. (Complaint ¶ 119.) Attendees at this dinner included B.L., a female Expeditors HK employee who worked in Hong Kong. (Id. ¶ 153.) B.L. reported to her Expeditors HK supervisors that Plaintiff grabbed her arm and kissed her during the dinner. (Id.) Expeditors HK investigated the incident and interviewed seven individuals, including Plaintiff. (Id. ¶¶ 152-63; Lam Affidavit ¶¶ 11-13.) None of these individuals lived or worked in Massachusetts at the time of the investigation. (Id.) Rather, they

all lived and worked in Hong Kong or East Asia.  (Id.)

On November 3, 2023, Plaintiff attended a disciplinary meeting with his supervisor, Kaiser Lam, the Regional Vice President for Expeditors HK.  (Complaint ¶¶ 180-99.)  Plaintiff and Lam attended this meeting in-person, at the Hong Kong office.  (Id. ¶ 181.)  The investigator, Hai Yiu Cheung, Senior Corporate Counsel, attended remotely from Singapore.  (Id. ¶ 180.)  During this meeting, Cheung informed Plaintiff that the investigation was complete and provided him another opportunity to explain his conduct.  (Id. ¶¶ 180-99.)  On December 11, 2023, Plaintiff was informed of his termination during a meeting that occurred in Expeditors HK's Hong Kong office, with Lam and another Expeditors HK employee present.  (Id.  ¶¶ 200-01.)

Plaintiff's allegations that his termination was wrongful/discriminatory and that Defendants breached his employment agreement are at the core of Plaintiff's voluminous and meandering Complaint, which is otherwise crammed with ancillary, irrelevant allegations, ranging from an alleged dispute over false expense reports submitted by Plaintiff in Hong Kong (which was reported by another Hong Kong employee) to a purported summary of "Deteriorating Political Conditions in Hong Kong."  (Id. ¶¶ 54-109.)  None of these events are alleged to have occurred in Massachusetts, and none of these allegations have any plausible connection to Massachusetts.  (Id.)

## LEGAL STANDARD

The burden of proving that personal jurisdiction may be exercised in the forum state lies squarely with the plaintiff.  Kuan Chen v. United States Sports Acad., Inc., 956 F.3d 45, 54 (1st Cir. 2020) (citing Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).  Although courts may choose from several methods to determine whether a plaintiff has met this burden, the most conventional approach is the *prima facie* approach, especially when

the parties are in the early stages of the case, as in this matter.  See Kuan Chen, 956 F.3d at 54;

Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145-46 (1st Cir. 1995).

When employing the *prima facie* approach, a district court must look beyond the pleadings

to examine not only the plaintiff's properly documented evidentiary proffers but also the

defendant's undisputed jurisdictional facts.  See PREP Tours, Inc. v. Am. Youth Soccer Org., 913

F.3d 11, 16-17 (1st Cir. 2019); Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290

F.3d 42, 51 (1st Cir. 2002).  Such jurisdictional facts may be adduced by means of a proper

affidavit.  See Baskin-Robbins, 825 F.3d at 34; Sawtelle v. Farrell, 70 F.3d 1381, 1385 (1st Cir.

1995). The *prima facie* approach does not require that a court "credit conclusory allegations or

draw farfetched inferences." Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

Put simply, a plaintiff cannot rely upon unsupported allegations in his pleadings but is instead

"obliged to adduce evidence of specific facts" set forth in the record.  Boit v. Gar-Tec Prods., Inc.,

967 F.2d 671, 675 (1st Cir. 1995).

## ARGUMENT

### I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.

The exercise of personal jurisdiction must be authorized by state statute and must comply

with the Constitution's Due Process clause.  See Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st

Cir. 2005); Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir.1998).  Here, the exercise of personal

jurisdiction over Expeditors HK is not authorized by the Massachusetts long arm statute, G.L. c.

223A, § 3(a)-(h).  See K.O. v. Sessions, 436 F. Supp. 3d 442, 448 (D. Mass. 2020).  Further, there

is no basis to exercise general or specific jurisdiction over either Defendant under the Due Process

clause.  See Harlow, 432 F.3d at 57.  The Due Process clause requires that: (1) the defendant must

have sufficient "minimum contacts" with the state; (2) the defendant's contacts must be

purposeful; and (3) the exercise of jurisdiction must be reasonable under the circumstances. Harlow, 432 F.3d at 57.  Here, Plaintiff cannot establish *any* of the three Due Process clause factors required for this Court to properly exercise personal jurisdiction over Defendants.  See id.

**A.      This Court May Not Exercise Jurisdiction Over Expeditors HK Pursuant to the Massachusetts Long Arm Statute.**

The Massachusetts long arm statute establishes personal jurisdiction over a cause of action arising from a defendant's:

> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth;
>
> …

G.L. c. 223A, § 3.  Expeditors HK does not transact business in Massachusetts, did not contract to supply services or things in Massachusetts, does not regularly solicit business or engage in a persistent course of conduct in Massachusetts, and does not have an interest in using or possessing real property in Massachusetts.  (Lam Affidavit ¶ 14.)  As such, there is no basis for personal jurisdiction over Expeditors HK pursuant to § 3(a), (b), (d) or (e).  See K.O., 436 F. Supp. 3d at 448, n. 2.  Further, no alleged act or omission of Expeditors HK caused tortious injury *in Massachusetts*.  See id.  The actual wrongful conduct claimed by Plaintiff—discrimination and wrongful termination/breach of contract—allegedly occurred in Hong Kong, and even if Plaintiff

has moved to Massachusetts *after* his termination, as he alleges, this is not sufficient to satisfy §

3(c) because it does not change the fact that the allegedly tortious conduct occurred in Hong Kong.[3]

See id.  As such, the Massachusetts long arm statute does not permit the exercise of jurisdiction

over Expeditors HK.  See id.

**B.      This Court Does Not Have General Jurisdiction Over Defendants.**

General jurisdiction over a corporation may only be asserted in jurisdictions in which the

corporation is "fairly regarded as at home."  Saeed v. Omex Sys., Inc., C.A. No. 16-CV-11715-

ADB, 2017 WL 4225037, at *1 (D. Mass. Sept. 22, 2017) (citing Daimler AG v. Bauman, 571

U.S. 117, 137 (2014)).  For corporate defendants, the place of incorporation and the principal place

of business are bases for general jurisdiction.  Id.  It is only an "exceptional case" if a corporate

defendant is "essentially at home" in another forum.  Id.  Here, Expeditors HK is not fairly regarded

as "at home" in Massachusetts because it is not incorporated in Massachusetts and does not

maintain its principal place of business in Massachusetts.  (Lam Affidavit ¶ 16.)  In fact, Expeditors

HK is not registered to do business in Massachusetts, does not transact business in Massachusetts,

does not maintain any office in Massachusetts, does not own any properties in Massachusetts and

does not have any employees in Massachusetts.   (Id. ¶¶ 15-17.) As such, there is no basis for this

Court to exercise general jurisdiction over Expeditors HK.  See Campbell Pet Co. v. Mialie, 542

F.3d 879, 884 (1st Cir. 2008); Saeed, 2017 WL 4225037, at *1.

Expeditors US also is not incorporated in Massachusetts and does not maintain a principal

place of business in Massachusetts.  (Dickerman Affidavit ¶ 5.)  Expeditors US further does not

have sufficient contacts with Massachusetts that rise to the level of an "exceptional case"

permitting this Court to exercise general personal jurisdiction over Expeditors US.  See BNSF Ry.

---

[3] The remaining provisions, § 3(f)-(g), are facially inapplicable to Plaintiff's claims.

Co. v. Tyrrell, 581 U.S. 402, 414 (2017).  In determining whether the facts present an exceptional case in which a corporate defendant is subject to general jurisdiction somewhere other than its place of incorporation or principal place of business, the key inquiry is "an appraisal of a corporation's activities in their entirety." Id. Even a corporate defendant with permanent, ongoing contacts in a particular forum is not subject to general jurisdiction if those contacts are not a significant part of the company's overall activity.  Id.  In BNSF Railway, the Supreme Court rejected a claim of general personal jurisdiction in Montana over a corporate entity incorporated in Delaware and with a principal place of business in Texas.  Id.  The Supreme Court held that Montana's exercise of general personal jurisdiction was improper, even though the corporation had a permanent facility and employees in Montana.  Id.  The Supreme Court noted that the defendant employed less than 5% of its total workforce in Montana.  Id. at 406.  Here, similarly, Expeditors US employs less than 2.5% of its total workforce in Massachusetts.  (Dickerman Affidavit ¶ 6.)  Thus, there is no basis for this Court to exercise general jurisdiction over Expeditors US.  See id.; see also Saeed, 2017 WL 4225037, at *1 (no general personal jurisdiction despite continuous activity in forum because defendant conducted small percentage of business in Massachusetts.)

### C.    This Court Does Not Have Specific Jurisdiction Over Defendants.

The Due Process clause imposes three requirements for exercising specific jurisdiction over out-of-forum defendants: (1) the plaintiff's claim must directly arise from or relate to the defendant's activities in the forum; (2) the defendant's forum-state contacts must represent a "purposeful availment" of the privilege of conducting activities in that state; and (3) the exercise of specific jurisdiction must be reasonable under the circumstances.  Kuan Chen, 956 F.3d at 59.

Failure to make any one of these showings "dooms any effort to establish specific personal jurisdiction." Id.

       1.    <u>Plaintiff Cannot Meet His Burden to Show Relatedness</u>

The relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection. <u>Platten</u>, 437 F.3d at 136.  The First Circuit "steadfastly reject[s]" the exercise of personal jurisdiction when the connection between the cause of action and the defendant's forum-state contacts is attenuated and indirect. <u>Id.</u> (citing <u>Harlow</u>, 432 F.3d at 60–61). Instead, the defendant's in-state conduct must form an "'important, or [at least] material, element of proof' in the plaintiff's case." <u>Id.</u>  Plaintiff's contract claims (Counts II, III, and IV) and his tort claims (Counts I, V, and VI) have different standards for relatedness. <u>Id.</u>  Plaintiff cannot meet his burden for either category of claims. <u>See id.</u>

       a.    <u>Plaintiff Cannot Establish Relatedness For His Contract Claims.</u>

Plaintiff alleges he lived in Massachusetts when he signed the 2018 Agreement to relocate to Hong Kong.   (Complaint ¶ 41-42.)  However, the mere fact that a plaintiff signed a contract with a defendant in the forum state is not in and of itself dispositive of the personal jurisdiction question. <u>Platten</u>, 437 F.3d at 136.  The Supreme Court "long ago rejected the notion that personal jurisdiction might turn on 'mechanical' tests or on 'conceptualistic ... theories of the place of contracting or of performance.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 478 (1985) (omission in original) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 319 (1945); <u>Hoopeston Canning Co. v. Cullen</u>, 318 U.S. 313, 316 (1943)).  Instead, courts emphasize the need for a "highly realistic" approach that recognizes that a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." <u>Platten</u>, 437 F.3d at 136.  Here, the 2018 Agreement's purpose was

to relocate Plaintiff from Massachusetts to Hong Kong, where he would perform his contractual obligations while living in Hong Kong and working for Expeditors HK.  (Complaint ¶¶ 41-42, 44, 102-03, 141, 205.)  The mere fact that he signed the agreement in Massachusetts was, at most, incidental to the formation of the agreement.  See Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 113 (1st Cir. 1997) (no specific jurisdiction over contract claims where performance was to be rendered outside of Massachusetts).

Moreover, the First Circuit has unequivocally held that the relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general contractual relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.  See Sawtelle, 70 F.3d at 1389; see, e.g., Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 291 (1st Cir. 1999); Fournier v. Best Western Treasure Island Resort, 962 F.2d 126, 127 (1st Cir. 1992).  Here, there are no specific contacts between Expeditors HK and Massachusetts.  (Lam Affidavit ¶¶ 9, 14-17.)  Further, Expeditors US's specific contacts in Massachusetts consist of nothing more than operating an office where Plaintiff worked *before* he signed the 2018 Agreement and relocated to Hong Kong, the forum where all of the relevant acts and omissions allegedly occurred.  (Dickerman Affidavit ¶ 6.)  The mere fact that Expeditors US maintains an office where Plaintiff worked before he moved to Hong Kong and before the events in Hong Kong leading to his termination is not sufficient to establish relatedness between Plaintiff's claims and Expeditors US's contacts in Massachusetts.  See Sawtelle, 70 F.3d at 1389.

    b.  Plaintiff Cannot Establish Relatedness For His Tort Claims.

To satisfy the relatedness prong of the constitutional inquiry in a tort case, the evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts.  See Platten, 437 F.3d at 138.  A

broad "but-for" argument is generally insufficient because "due process demands something like a 'proximate cause' nexus." <u>Id.</u>  Here, Plaintiff cannot establish relatedness as to Expeditors HK because it does not have any contacts in Massachusetts.  (Lam Affidavit ¶¶ 9, 14-17.)  Further, Plaintiff's claims against Expeditors US have, at most, an attenuated and indirect connection with Massachusetts, where Expeditors US does nothing but maintain an office where Plaintiff has not worked since 2018 and did not work during the events leading to his claims against Defendants. <u>See</u> <u>Platten</u>, 437 F.3d at 138.  Plaintiff's allegations that these events would not have occurred but-for his transfer to Hong Kong fall well short of the kind of material connection required to establish a proximate cause nexus, given that all material events occurred in Hong Kong and largely involved Hong Kong employees.  <u>See</u> <u>Platten</u>, 437 F.3d at 138.  Thus, Plaintiff cannot establish the relatedness element for his tort claims.  <u>See</u> <u>id.</u>; <u>Sawtelle</u>, 70 F.3d at 1389.

        2.      <u>Defendants Did Not Purposefully Avail Themselves of Massachusetts Law.</u>

The two cornerstones of purposeful availment are voluntariness and foreseeability.  <u>Kuan Chen</u>, 956 F. 3d at 59. Achieving voluntariness demands that the defendant's contacts with the forum result proximately from its own actions. <u>See</u> <u>id.</u> at 59; (citing <u>Phillips v. Prairie Eye Ctr.</u>, 530 F.3d 22, 28 (1st Cir. 2008)).  To clear the foreseeability hurdle, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." <u>Id.</u>  Here, Expeditors HK did not register a sales office in Massachusetts; did not urge or instruct Plaintiff to conduct business out of Massachusetts (to the contrary, it specifically relocated him to Hong Kong); and did not sell any services in Massachusetts—the hallmarks of purposeful availment.  <u>See</u> <u>id.</u>; <u>Pushor v. Mount Washington Observatory, Inc.</u>, No. 2:17-CV-354-NT, 2018 WL 3487579, at *5 (D. Me. May 17, 2018).  Thus, Expeditors HK *never* voluntarily

availed itself of the privilege of conducting business in Massachusetts, let alone at a time relevant to Plaintiff's allegations.  See Harlow, 432 F.3d at 62-63; K.O., 436 F. Supp. 3d at 451.

Expeditors US's case-specific conduct in Massachusetts is also not such that it should reasonably anticipate being haled into court here for Plaintiff's claims.  See Kuan Chen, 956 F. 3d at 61-62.  This Court's exercise of specific personal jurisdiction over Expeditors US would not be foreseeable because during the more than five years leading up to Plaintiff's termination— including the September 2023 sexual harassment report and investigation—Plaintiff worked for Expeditors HK in Hong Kong.  (Complaint ¶¶ 42-44, 110-205.)  Plaintiff further does not allege he performed any work for Expeditors US in Massachusetts after he relocated to Hong Kong.  See Kuan Chen, 956 F. 3d at 61-62   Thus, Plaintiff cannot establish the elements of voluntariness and foreseeability required for this Court to find that Defendants purposefully availed themselves of Massachusetts for the exercise of specific jurisdiction over Plaintiff's claims.  Id.

3.     The Exercise of Specific Jurisdiction Over Defendants is Unreasonable.

Finally, the Due Process requirements are not satisfied because the exercise of specific jurisdiction over Defendants is unreasonable. The First Circuit has identified the following "Gestalt factors" to guide the reasonableness inquiry: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.  Harlow, 432 F.3d at 67.  The reasonableness prong of the Due Process inquiry "evokes a sliding scale."  Ticketmaster–New York, 26 F.3d at 210.  In other words, "the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction."  Harlow, 432 F.3d

at 67. As set forth above, Plaintiff's showings of relatedness and purposeful availment are extraordinarily weak, meaning Defendants' burden to establish unreasonableness is light. See id.

Defendants easily meet this burden because every factor shows that it would be unreasonable for this Court to exercise specific jurisdiction over Defendants. Id. Expeditors HK's burden of appearing is substantial because it does not maintain an office in Massachusetts and does not have any employees in Massachusetts. (Lam Affidavit ¶ 17.) Significantly, Massachusetts has little, if any, interest in adjudicating this dispute, which arises out of an incident that allegedly happened in Hong Kong, involving Hong Kong-based employees of Expeditors HK, a Hong Kong company. See Bowen v. eLanes New Hampshire Holdings, LLC, 166 F. Supp. 3d 104, 109 (D. Mass. 2015) (Massachusetts jury will have "little to no interest" in adjudicating dispute involving New Hampshire entity where alleged conduct occurred entirely in New Hampshire). The third factor—Plaintiff's interest in obtaining convenient and effective relief—is neutral, given that both Hong Kong law and American law provide the relief Plaintiff seeks.

Notably, the final factors—the judicial system's interest in obtaining the most effective resolution of the controversy and the common interests of all sovereigns in promoting substantive social policies—overwhelmingly establish the unreasonableness of this Court exercising specific jurisdiction over Defendants. See Bowen, 166 F. Supp. 3d at 109. Plaintiff, who lived and worked in Hong Kong at all relevant times, claims he was subjected to an improper and biased investigation after a Hong Kong colleague accused him of sexual harassment. (Complaint ¶¶ 152-205.) Plaintiff then alleges he was wrongfully terminated by his employer, Expeditors HK, a Hong Kong entity with no presence in Massachusetts. (Id. ¶¶ 200-01.) Plaintiff's allegations invoke the substantive rights provided by the laws of Hong Kong—Plaintiff even references or cites various Hong Kong laws throughout his Complaint. (Id. ¶¶ 65, 151, 261, 262, 280.) Clearly, this dispute

should be resolved by the judicial process afforded by Hong Kong's legal system, a substantial concern given that Hong Kong has enacted its own anti-discrimination statutes to protect individuals working in Hong Kong. In July 1995 Hong Kong enacted the Sex Discrimination Ordinance, Chapter 480 for the important public purpose of allowing individuals "to function openly as members of our society on an equal footing with all other members."  See Equal Opportunities Comm'n v. Dir. of Ed. [2001], HKCU 1426 (attached hereto as Exhibit A).  Hong Kong has similarly enacted a Race Discrimination Ordinance, Chapter 602.  Plainly, Hong Kong's interest in protecting individuals living and working in Hong Kong and providing redress for Hong Kong employees' disputes against Hong Kong employers is a concern of paramount importance to Hong Kong.  See id.

Given that (1) Massachusetts presents a substantial burden of appearing for Expeditors HK, (2) Massachusetts has no interest in adjudicating this dispute; and (3) Hong Kong has a substantial interest in resolving the controversy and promoting its own substantive social policies, the exercise of personal jurisdiction over Defendants in this matter would be unreasonable.  See Harlow, 432 F.3d at 67; Ticketmaster–New York, 26 F.3d at 210; Bowen, 166 F. Supp. 3d at 109.

## II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO *FORUM NON CONVENIENS*.

### A.     Hong Kong is an Available Forum to Address Plaintiff's Claims

A defendant seeking dismissal due to *forum non conveniens* must first demonstrate that the alternative forum is available.  Snöfrost AB v. Håkansson, 353 F. Supp. 3d 99, 103-04 (D. Mass. 2018).  The defendant must show that (1) the foreign court has personal jurisdiction over the defendant; (2) the foreign court permits litigation of the subject matter of the dispute; and (3) the alternative forum is adequate.  Id.  Here, all three factors are met.  See id.  Expeditors HK is

unquestionably subject to the jurisdiction of a Hong Kong court because Expeditors HK is a Hong Kong company with a principal office in Hong Kong.  (Lam Affidavit ¶ 18.)

Moreover, even if a Hong Kong court declined to exercise jurisdiction over Expeditors US, the Hong Kong court unequivocally has jurisdiction over Expeditors HK, and Plaintiff could obtain an adequate remedy from Expeditors HK.  See Imamura v. Gen. Elec. Co., 371 F. Supp. 3d 1, 8 (D. Mass. 2019) (*forum non conveniens* does not require foreign forum to permit remedy against "the specific defendant sued in the American litigation where the forum provides an adequate remedy from another party or entity.").  As noted above, Hong Kong permits litigation of the subject matter of Plaintiff's Complaint because Hong Kong has laws prohibiting discrimination and harassment, and Hong Kong has vested its District Court with exclusive jurisdiction over such claims.  See Tadjudin v. Bank of Am. Nat'l Assoc. [2008], HKCU 1842 (attached hereto as Exhibit B) (addressing discrimination and breach of contract claims).  Additionally, Hong Kong is an adequate forum because Hong Kong law also provides for the monetary damages and equitable relief that Plaintiff seeks.  See Cap. 480(76)(3A)(a)-(g); Cap. 602(70)(4)(a)-(g).  Further, Hong Kong provides for pre-trial discovery, including the exchange of documents, witness statements and expert reports, and the parties may apply to the District Court for further, specific discovery. See Rules of Dist. Ct. (Cap. 336H).  Hong Kong may not allow Plaintiff to recover attorneys' fees or propound identical forms of discovery, but these types of procedural differences are "beside the point."  See Howe 946 F.2d 944.  As the Supreme Court has made clear, "possibility of an unfavorable change in law" is not even "relevant" unless "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all."  Piper Aircraft Co. v. Reyno, 454 U.S. 254, 252 n. 18 (1981).  Here, Hong Kong law provides similar rights, remedies and procedures, and there is no evidence whatsoever that any remedy provided by

the Hong Kong District Court would be "so clearly inadequate or unsatisfactory that it is no remedy at all." See id. As such, Hong Kong is an available forum. See id.

### B.      The Private Factors Weigh in Favor of Dismissal

Courts must consider the following private factors when considering a motion to dismiss on the grounds of *forum non conveniens*: (1) ease of access to sources of proof; (2) availability of compulsory process for unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; and (4) "[a]ll other practical problems that make trial of case easy, expeditious and inexpensive." Snöfrost, 353 F. Supp. 3d at 103-04. Here, any relevant documents or other sources of proof are in the possession of Expeditors HK, a Hong Kong entity, or the witnesses who live in or near Hong Kong, not in Massachusetts. See Howe, 946 F.2d at 951. As such, there is substantially easier access to sources of proof in Hong Kong than in Massachusetts. See id. Other than Plaintiff, no relevant witness lives in the United States, let alone in Massachusetts, meaning that a United States court does not have the legal power to compel the testimony of relevant witnesses. See id. Similarly, the cost of attendance for witnesses is significantly less burdensome in Hong Kong, given that every relevant witness except Plaintiff lives in or near Hong Kong. Thus, every factor shows that proceeding in Hong Kong would be significantly easier, more expeditious and more inexpensive than proceeding in Massachusetts. See Howe, 946 F.2d at 951.

### C.      The Public Factors Weigh in Favor of Dismissal

Consideration of the following public factors also tips strongly in favor of Hong Kong as the appropriate forum: (1) the administrative difficulties resulting from court congestion in the plaintiff's chosen forum; (2) the "local interest in having localized controversies decided at home"; (3) the interest in having the trial of a case conducted in a forum that is at home with the governing law; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of imposing jury duty on citizens in an unrelated forum. See Snöfrost,

353 F. Supp. 3d at 107-08.  Proceeding in Plaintiff's chosen forum would unnecessarily burden this district's already congested court system. According to the Federal Court Management Statistics most recently published in December 2023,[4] the average time period from filing to trial in civil matters in this district is 34.6 months, and more than 10% of this district's civil cases are more than three years old, which ranks in the bottom half of district courts nationwide. Moreover, there were 4,203 new filings in this district in 2023, a 27.4% increase over 2022, meaning this backlog is only likely to worsen. Further, Hong Kong clearly has a paramount interest in deciding a localized controversy involving a Hong Kong employee who accused another Hong Kong employee of sexual harassment, which led their employer, a Hong Kong company, to investigate the incident and terminate Plaintiff, the alleged harasser who lived and worked in Hong Kong at the time.  See id.  Additionally, the interest in having the trial conducted in a forum at home with the governing law is substantial, given that Plaintiff's employment agreement calls for application of Hong Kong law, and Hong Kong has courts dedicated exclusively to interpreting and applying the relevant statutes. By contrast, a Massachusetts federal court will necessarily have less familiarity with Hong Kong law, increasing the possibility of a problem with the application of controlling law or a conflict of laws. Further, it is manifestly unfair to impose jury duty upon residents of Massachusetts to decide a dispute between Expeditors HK, a Hong Kong Company, and Plaintiff, a former Expeditors HK employee who was terminated for misconduct that occurred in Hong Kong, when Hong Kong presents an available forum for Plaintiff to pursue his claims. See Snöfrost, 353 F. Supp. 3d at 107-08.

Moreover, the fact that the parties twice agreed to a forum selection clause with Hong Kong as the designated forum is another factor weighing in favor of Hong Kong as the appropriate forum.

---

[4] Federal Court Management Statistics, December 2023 | United States Courts (uscourts.gov)

See <u>Mercier v. Sheraton Int'l., Inc.</u>, 981 F.2d 1345, 1355 (1st Cir. 1992). Lastly, although there is a strong presumption favoring an American citizen's choice of an American forum, that presumption is overcome when, as in this matter, all of the other factors favor the foreign forum or are, at most, neutral. <u>See id.</u> As such, Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*. <u>See id.</u>

### III.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED DUE TO IMPROPER VENUE.

Plaintiff's Complaint must also be dismissed pursuant to Rule 12(b)(3) because venue is improper for Plaintiff's Title VII claim. <u>See Vazquez v. Jet Blue Airways Corp.</u>, C.A. No. 09-1197 (JP), 2009 WL 3103737, at *3 (D.P.R. Sept. 24, 2009). Title VII contains a special venue provision that controls and supplants the general federal venue provision. <u>Foley v. Holder</u>, C.A. No. 09-11157-JGD, 2010 WL 3938345, at *2 (D. Mass. Oct. 2010); <u>see also</u> <u>Johnson v. Payless Drug Stores Northwest, Inc.</u>, 950 F.2d 586, 587 (9th Cir. 1991), cert denied 505 U.S. 1225 (1992). Under Title VII, venue is proper in (1) any judicial district where the unlawful employment practice was allegedly committed; (2) the judicial district where relevant employment records are maintained and administered; or (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(f)(3). If a defendant is not found within any such district, such an action may be brought within the judicial district in which the defendant has his principal office. <u>Id.</u> Here, the unlawful employment practice occurred in Hong Kong, not Massachusetts, and the employment records relevant to such practice are maintained and administered by Expeditors HK in Hong Kong. (Lam Affidavit ¶ 19.) Moreover, but for the alleged unlawful employment practice, Plaintiff would have worked in Hong Kong, not Massachusetts, and Plaintiff's decision to return to Massachusetts after his termination is immaterial. <u>See Dixon v. Brownlee</u>, 313 F. Supp. 2d 52, 53 (D.P.R. 2004) (venue not proper

under Title VII where plaintiff would have continued working in other jurisdiction and only connection to plaintiff's chosen venue was plaintiff's current residence). Lastly, neither Defendant has a principal office in Massachusetts. As such, venue is improper in Massachusetts. See Dixon, 313 F. Supp. 2d at 53.

## IV.   EXPEDITORS HK IS NOT AN ALTER EGO OF EXPEDITORS US.

Plaintiff's attempt to fabricate a basis for jurisdiction based on conclusory allegations that Expeditors HK is the "alter ego" of Expeditors US (Compl. ¶¶ 17-20) fails not only because this Court lacks personal jurisdiction over Expeditors US but also because Expeditors HK is not the alter ego of Expeditors US. See Andresen v. Diorio, 349 F.3d 8, 12–13 (1st Cir. 2003). Expeditors HK maintains its own ledgers and accounting books; prepares its own business plans, payroll, budget and financial statements; administers and controls its own health plan and related benefits; and controls the decisions regarding hiring and firing of its employees. See Toledo v. Ayerst-Wyeth Pharm., Inc., 852 F. Supp. 91, 96 (D.P.R. 1993); (Lam Affidavit ¶ 20.) Further, Plaintiff has not shown—and cannot show—the kind of fraudulent intent required to pierce the corporate veil or treat a wholly owned subsidiary as the alter ego of a parent corporation. See Andresen, 349 F.3d at 12–13; Toledo, 852 F. Supp. 96. To the contrary, Expeditors US and Expeditors HK do not share identical officers and directors because some individuals who are officers or directors of Expeditors US are not officers or directors of Expeditors HK. (Lam Affidavit ¶¶ 5-6; Dickerman Affidavit ¶ 4.) Similarly, two of Expeditors HK's directors are not directors of Expeditors US. (Lam Affidavit ¶ 5; Dickerman Affidavit ¶ 4.) Plaintiff's bare, unfounded legal conclusions fall well short of the "rare particular situation" where a corporation is stripped of its separate and distinct existence and treated as the alter ego of its parent. See Bridge Street Automotive, Inc. v. Green Valley Oil, LLC, 985 F. Supp. 2d 96, 112 (D. Mass. 2013). Thus, this Court should reject

Plaintiff's transparent attempt to bootstrap jurisdiction over Expeditors HK based upon unfounded, conclusory assertions that Expeditors HK is an alter ego of Expeditors US.  See id.

## V.        CONCLUSION

For the reasons set forth above, this Court lacks personal jurisdiction over Expeditors HK. Even if this Court had a basis to exercise personal jurisdiction over Expeditors HK, a more convenient forum exists in Hong Kong, and venue is improper under Title VII's special venue provisions. As such, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC. and
EXPEDITORS HONG KONG LIMITED

By their attorneys,

*/s/ Matthew J. Lynch*
Asha A. Santos (BBO No.  670861)
Matthew J. Lynch (BBO No.  689363)

**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
asantos@littler.com
Dated:  April 4, 2024                                        mlynch@littler.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2024, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch

21